IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3124-FL

| | | |
|---|---|---|
| TYREE SHARIF NEWSAUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COLBY SHIRLEY and JOSHUA BARNES, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 35). Plaintiff responded in opposition to the motion for summary judgment, and in this posture, the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on May 7, 2021, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant violated his rights under the Eighth Amendment to the United States Constitution by using excessive force on two separate occasions. Defendants, sued in both their individual and official capacities, are Colby Shirley, a correctional officer at Maury Correctional Institution ("C.I."), and Joshua Barnes ("Barnes"), a correctional housing unit manager a Maury C.I. As relief, plaintiff seeks compensatory damages.

---

[1] The court constructively amends the case caption to reflect dismissal of formerly named defendant DPS on November 29, 2021, and corrects the spelling of defendant Joshua Borns last name to "Barnes." (See Barnes Decl. (DE 37-6)).

Following a period of discovery, on December 12, 2022, defendants filed their first motion for summary judgment, which was denied for failing to correct filing deficiencies. In accordance with the court's September 18, 2023, order, and permitted extensions, defendants filed the instant motion for summary judgement on October 18, 2023.

Defendants argue that the undisputed evidence shows they did not violate plaintiff's Eighth Amendment rights, and that the claims seeking monetary damages are barred by qualified immunity. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) declaration of counsel; 2) North Carolina Department of Public Safety ("NCDPS") offender public information regarding plaintiff; 3) Maury C.I. use of force policies and procedures; 4) NCDPS use of force policies and procedures; 5) plaintiff's NCDPS offender data information; and 6) defendant Barnes's declaration. Plaintiff responded in opposition to the motion, relying on an unsworn document titled "Declaration in Opposition to Defendant's Motion for Summary Judgement." Although not the model of clarity, the document appears to be a memorandum in support, which incorporates plaintiff's statement of material facts.

## DISCUSSION

A.    Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[2]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir.

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

3

Case 5:21-ct-03124-FL   Document 41   Filed 03/20/24   Page 3 of 5

2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B. Analysis

Defendants have satisfied their burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Def. Mot. (DE 35); Def. Mem. (DE 36)). The burden therefore shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Plaintiff has not met this burden where he has failed to provide any competent summary judgment evidence supporting his claims. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff's responses to the motion for summary judgment are insufficient to create a triable issue of fact because they do not include sworn testimony such as verified affidavits or declarations, or other documentary evidence supporting his claims.[3] (See DE 40); see also Fed. R. Civ. P. 56 (c)(1). Furthermore, the complaint is not verified. See Williams, 952 F.2d at 823 (holding only verified complaint can defeat a properly supported motion for summary judgment).

---

[3] Plaintiff's "Declaration in Opposition to Defendant's Motion for Summary Judgment" is not sworn under penalty of perjury, as required to show a dispute of fact. See Fed. R. Civ. P. 56(c)(2) (requiring that the parties at summary judgment rely on evidence capable of being "presented in a form that would be admissible in evidence [at trial]"); 28 U.S.C. § 1746 (providing declarations must be declared, certified, verified, or stated "under penalty of perjury"); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (explaining rule that only verified affidavits or declarations may be considered at summary judgment); see also James v. Hale, 959 F.3d 307, 314 (7th Cir. 2020) (stating a compliant is verified if it is "signed, sworn, and submitted under penalty of perjury").

4

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 35) is GRANTED. The clerk is DIRECTED to amend the docket as provided in footnote one and to close this case.

SO ORDERED, this the 20th day of March, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge